FILED
11:29 am Dec 20 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABDUL HAKIM ALI aka** | ) | **CASE NO. 1:18 CV 2068** |
| **DARYLE VAN BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF EAST CLEVELAND,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Abdul Hakim Ali, aka Daryle Van Brown filed this action against sixteen Defendants, among them three judges, four prosecutors, three police officers, a Bureau of Motor Vehicle Registrar, four municipalities and municipal departments, and a state agency. In the Complaint, Plaintiff alleges he received traffic citations for driving under a suspended license when he has a licence from the "United States of America Republic." He claims the Defendants breached a contract and seeks monetary damages.

**I. BACKGROUND**

Plaintiff's Complaint is composed largely of meaningless rhetoric. The only discernable facts are found on page 9 of the pleading in which he states the Defendant police officers issued driving citations in August and October 2017 for driving under suspension. He contends the judicial officers and prosecutor breached a contract by not honoring the driver's license he created for the "United States of America Republic." He asserts the Bureau of Motor Vehicles

and Registrar breached a contract by continuing to list his Ohio driver's license as suspended when he attempted to cancel it and use the "United States of America Republic" license in its place.

## II. STANDARD OF REVIEW

The Court is required to construe Plaintiff's pro se Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple,* 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

## III. ANALYSIS

This Court lacks subject matter jurisdiction over this case. Plaintiff indicates federal court jurisdiction is based on diversity of citizenship. The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties. *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). Plaintiff lists a post office box in

Illinois as his address but he does not include any indication that he is domiciled there. A post office box address is not sufficient to establish domicile. *See Martinez v. Martinez*, 62 Fed. Appx. 309, 313-14 (10th Cir. 2003). In fact, Plaintiff indicates on other forms included with his Complaint that he is resides in the "Province of Ohio." (ECF No. 1-7). Because no other basis for federal court jurisdiction is present, Plaintiff has failed to meet his burden of establishing this Court's jurisdiction.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.